## WESTERN *v.* SOCONY VACUUM OIL CO., INC.

[No. 16,571.  Filed June 18, 1940.  Rehearing denied October 15, 1940.  Transfer denied December 23, 1940.]

*Hugh D. Wickens* and *Hubert E. Wickens,* both of Greensburg, for appellant.

*James V. Donadio* and *R. Stanley Lawton,* both of Indianapolis (*Frederick E. Matson, James A. Ross, Robert D. McCord, Harry T. Ice, Merle H. Miller* and *Adolph Schreiber,* all of Indianapolis, of counsel) for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board which denied appellant compensation as the widow and sole dependent of Clint Western.

All of the ultimate facts necessary to support an award of compensation against appellee and in favor of appellant were stipulated except the fact that her husband's death arose out of and in the course of his employment. The Industrial Board found the facts which were stipulated and found further "that the accidental injury resulting in the death of said Clint Western did not arise out of nor was it in the course of his employment with the defendant herein, Socony Vacuum Oil Company, Inc." Appellant contends upon appeal that the award is contrary to law because the evidence is "uncontroverted and . . . of such conclusive character as to force a conclusion contrary to that reached by the Industrial Board."

In determining the sufficiency of the evidence to sustain a finding and award of the Industrial Board we may ignore all of the evidence which tends to disprove such finding and need only to consider the evidence which supports it. Having that rule of law in mind we set forth the following facts which are shown by the evidence:

On December 23, 1938, and for the year preceding that date Clint Western was employed by appellee as a traveling salesman. His territory included six or seven southeastern Indiana counties including Decatur

county. He traveled the territory in an automobile furnished by appellee. He sold specialty products such as cattle spray, wiping cloths and polishes and he was authorized to obtain filling station leases for appellee and to sell appellee's gasoline and oils to established dealers. Decedent lived in Greensburg, Indiana. On December 23, 1938, he left his residence, together with his wife (appellant herein) in his automobile at about 8:30 a. m. and went to the residence of Mr. and Mrs. George Kelley who were close friends and who also lived in Greensburg. They remained at the Kelley residence a short while when decedent and Mr. Kelley left in decedent's automobile for Letts, Indiana, which is about two miles south of Greensburg. Mrs. Western remained at the Kelley residence with Mrs. Kelley where she intended to wrap Christmas gifts with Mrs. Kelley. Mr. Kelley wore house slippers and a sweater on the trip. Upon arriving at Letts the decedent and Mr. Kelley went into a filling station and restaurant operated by Frank and Bertha Hare. The Hares were one of decedent's customers and had sold products of appellee company. When decedent and Kelley came into the Hare restaurant Mrs. Hare told decedent that she had just received her mail and that in it was a "Christmas gift," referring to a notification by appellee's Indianapolis office that the Hare's account had been credited with $5.21 as a rebate on their oil account. Decedent responded by saying that he was interested in knowing whether the Hares "had been taken care of all right." Thereupon decedent informed Mrs. Hare that he wanted to arrange for a quail dinner to be given at her restaurant, that there would be twenty-six persons, that he was to furnish the quail and Mrs. Hare was to furnish the rest of the meal and she was to prepare it. Decedent, Kelley and Mrs. Hare spent about

thirty minutes planning the menu for this proposed dinner and then decedent and Kelley left the restaurant. About five minutes later it was learned that decedent and Kelley had been killed at a railroad crossing two miles north of Hare's place of business when the automobile in which they were riding was struck by a train.

There is evidence in the record which shows that decedent had, on several occasions, taken customers to lunch; that on other occasions he had entertained customers at ball games, etc., and that he had been refunded for such expenses by appellee, his employer. Relying on such evidence appellant contends that the evidence shows that decedent was not merely a salesman, but that he was also sort of a sales promotion man and appellant contends further that therefore decedent was authorized to arrange for the dinner in behalf of appellee, his employer.

It should be remembered that before appellant was entitled to a recovery she had to perform the burden of proving that the accident which resulted in her husband's death arose out of and in the course of his employment. The Industrial Board found in effect that appellant failed to perform such burden. In order to justify a reversal of the award in the instant case on the ground of insufficiency of the evidence to sustain the award, the evidence must so conclusively prove each of the ultimate facts necessary to justify an award of compensation, that the evidence cannot be reasonably construed to give rise to inferences favorable to appellee as to any of such ultimate facts. We think the evidence which we have referred to can very reasonably be construed to give rise to inferences which show that the accident arose out of and in the course of the performance of a mission of his own by the decedent, or a mission in which he and Kelley were

jointly interested, but in which appellee, the employer, had no interest.

Even though it be assumed that the evidence shows that decedent had authority to take customers to lunch and to ball games, etc. at his employer's expense, we think it is apparent from the evidence which we have referred to that the evidence in this case is not "of such conclusive character as to force a conclusion contrary to that reached by the Industrial Board," as appellant contends. The evidence falls far short of showing conclusively that decedent planned the dinner at Hare's and made the arrangements therefor as part of his employment, hence short of conclusively showing that the accidental injury resulting in decedent's death arose out of and in the course of his employment by appellee.

Award affirmed.

NOTE.—Reported in 27 N. E. (2d) 915.